UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN CARLOS ALMONTE,

                Plaintiff,

-against-

"LAW ENFORCEMENT AGENCY"; LAURA TAYLOR SWAIN, Chief United States District Judge; RUBY KRAJICK, Deputy Clerk; V. NORIEGA, Pro Se,

                Defendants.

21-CV-8270 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action, alleging that Defendants violated his federal constitutional rights. By order dated October 27, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against: (1) "Law Enforcement Agency"; (2) Laura Taylor Swain, the Chief Judge of this court, the United States District Court for the Southern District of

New York; (3) Ruby Krajick, the Clerk of Court of this court;[2] and (4) and V. Noriega, Pro Se. He brings this action seeking money damages.

Plaintiff's complaint is difficult to understand. His handwriting is almost indecipherable, he wrote everywhere on the complaint form, even on the margins, and he fails to clearly present the events giving rise to his complaint. He asserts that the events giving rise to his claims occurred in this court. He asserts further that the dates of occurrence are "09-27-2021," and "09-07-2021." These dates appear to coincide with decision dates in his prior cases in this court. *See Almonte v. Noriega*, ECF 1:21-CV-7414, 6 (S.D.N.Y. Sept. 27, 2021) (case dismissed on September 27, 2021); *Almonte v. Law Enforcement Agency*, ECF 1:21-CV-6062, 9 (S.D.N.Y. Oct. 1, 2021) (the Court directed Plaintiff to amend his complaint on September 7, 2021, and subsequently dismissed the complaint on October 1, 2021). It appears therefore that Plaintiff brings this action, disputing the dismissal of his prior actions in this court. He refers to Defendants as criminals and contends that they are not performing their jobs properly.

## DISCUSSION

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].").

Here, Plaintiff alleges that Defendants violated his civil rights by improperly processing and dismissing his cases. These allegations cannot be considered viable claims under *Bivens*.[3]

---

[2] Plaintiff incorrectly identifies Ruby Krajick as Deputy Clerk.

[3] The Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S.

**A.     Judicial immunity**

Even if Plaintiff's complaint could be construed as implicating a *Bivens* claim, his assertions against Chief Judge Swain must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff fails to allege any facts showing that Chief Judge Swain acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff appears to sue Chief Judge Swain for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Chief Judge Swain under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

---

388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). The Supreme Court has also made it clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857.

4

B.   **Clerk immunity**

Similarly, Plaintiff's claims against Clerk of Court Ruby Krajick and V. Noriega, Pro Se, must also be dismissed on immunity grounds. Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are generally entitled to absolute immunity); *Pikulin v. Gonzales*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y Apr. 5, 2007) (extending judicial immunity to the federal court clerk with respect to claims arising out of the filing and docketing of legal documents). Plaintiff's claims against Clerk of Court Ruby Krajick and V. Noriega, Pro Se, for the processing of his case, a task that is an integral part of the judicial process, must be dismissed under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills*, 645 F.3d at 177; *Montero*, 171 F.3d at 760.

C.   **"Law Enforcement Agency"**

Plaintiff's claims against "Law Enforcement Agency" must also be dismissed. He names an unspecified "law enforcement agency" as a defendant, but he provides no elaboration on which law enforcement agency is named or why that entity is named. *See Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how

5

the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted)), *aff'd*, 396 F.3d 525 (2d Cir. 2005). The complaint does not contain a single allegation against this defendant, and therefore the claims against "law enforcement agency" are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Private prosecution**

Plaintiff also purports to bring federal criminal charges against Defendants. Plaintiff cannot initiate the arrest or prosecution of an individual in this court because " the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." ). Moreover, a prosecutor's discretionary authority to bring a criminal action is "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's attempt to bring federal criminal charges against Defendants must therefore be dismissed because he fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.    The Court denies leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: November 5, 2021
       New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.